**UNITED STATES of America,**

v.

**Igor ERLIKH, Appellant.**

No. 00–5281.

United States Court of Appeals, Third Circuit.

Argued March 7, 2002.

Filed April 18, 2002.

Christopher J. Christie, Esq., Office of the United States Attorney, Newark, NJ, Robert E. Lindsay, Esq., Alan Hechtkopf, Esq., Karen Quesnel, Esq. (Argued), United States Department of Justice, Tax Division, Washington, DC, for Appellee.

Richard Coughlin, Esq. (Argued), Office of the Federal Public Defender, Camden, NJ, for Appellant.

Before SCIRICA and COWEN, Circuit Judges, RESTANI *, Judge, United States Court of International Trade.

OPINION

COWEN, Circuit Judge.

Presented for our review is one of four companion cases involving a lengthy trial before the District Court after which defendants were convicted of various federal crimes arising out of a so-called "daisy chain" scheme to avoid paying federal and New Jersey state fuel taxes. The elements of such schemes have been detailed sufficiently elsewhere by this Court. See, e.g., United States v. Morelli, 169 F.3d 798, 801 (3d Cir.1999), cert. denied, 528 U.S. 820, 120 S.Ct. 63, 145 L.Ed.2d 54 (1999) (citations omitted). We will add factual detail below as it becomes necessary to the alleged point of error.

Igor Erlikh was the president of Kings Motor Oil, a wholesale distributor of home heating oil and motor oil. Pursuant to a plea agreement, Erlikh pled guilty to: (1) violating 18 U.S.C. § 371 by conspiring to defraud the United States and to commit tax evasion, contrary to the provisions of 26 U.S.C. § 7201, to commit wire fraud (18 U.S.C. § 1343), and to commit money

laundering (18 U.S.C. § 1957); (2) money laundering (18 U.S.C. § 1957); and (3) tax evasion (26 U.S.C. § 7201). The District Court sentenced Erlikh to 108 months of imprisonment, ordered a special assessment of $1,850, and ordered restitution in the amount of $1,000,000. Erlikh does not challenge the propriety of his plea agreement with the government, but does appeal various aspects of his sentencing. After thoroughly reviewing the parties submissions in this regard, we conclude that Erlikh's arguments are without merit. Therefore, Erlikh's sentence will be affirmed.

The District Court's interpretation and application of the Federal Sentencing Guidelines is a matter of law subject to plenary review. United States v. Cherry, 10 F.3d 1003, 1009 (3d Cir.1993). Pure issues of fact underlying sentencing decisions are only reviewed for clear error. Id.

■ Erlikh argues that the District Court erred in using the money laundering guidelines to determine his sentence because the conduct at issue was atypical, and fell outside the "heartland" of usual money laundering activity. We do not agree. The record demonstrates that Erlikh was a leading figure in an elaborate, carefully orchestrated, systematic scheme to defraud. Money derived from the success of the scheme was used to keep the daisy chain going and the links in the chain were set up to avoid detection by authorities. This amounted to a crime of significant duration and marked severity. The total loss to the State of New Jersey on account of the daisy chain scheme was approximately 11 million dollars. The conduct at issue constitutes serious criminal

designation.

activity and is the type Congress sought to prevent and punish when it proscribed money laundering. There was nothing "atypical" about Erlikh's specific case that would have justified the District Court in not using the money laundering guideline. See *United States v. Chilingirian*, 280 F.3d 704, 713–14 (6th Cir.2002). The District Court made the proper selection.

■ Erlikh asserts that the District Court erred by giving him a four level upward adjustment for his role as an "organizer or leader" in the criminal activity. See U.S.S.G. § 3B1.1(a). This argument is meritless. The record provides ample factual support for the District Court's decision to adjust Erlikh's level based on his leading role in the criminal conduct. Erlikh played a key authoritative role in orchestrating the scheme, which included the money laundering component. He was a pivotal decision-maker at the Kings oil company and, as the District Court noted, Kings would not have been involved in the scheme if Erlikh did not allow it. As an example of his position within the scheme, Erlikh had decision-making authority over another Kings principal, coconspirator Demetrios Karamanos. It is also clear that five or more participants were involved in the money laundering activity and that such activity was extensive. U.S.S.G. § 3B1.1(a).

The record reveals that the District Court did not err in giving Erlikh an upward adjustment.

■ Erlikh contends that we should remand the case to the District Court because it did not adequately address his request for a downward departure. In conjunction with this argument, he asserts that the government engaged in charge manipulation to his detriment. After a review of the sentencing transcript, we deem these arguments to be without merit. We are satisfied that the District Court

was aware of Erlikh's contentions and discretion to grant a downward departure if convinced that the money laundering guideline overstated the seriousness of his conduct or if there was any improper charge manipulation. The District Court simply chose not to exercise discretion in granting a departure. Accordingly, we are without jurisdiction to address the issue. *United States v. Hart*, 273 F.3d 363, 379 (3d Cir.2001). In any event, Erlikh has failed to convince us that, even if we remanded the matter, the District Court would consider granting a downward departure. The District Court clearly expressed the opinion that Erlikh's conduct was very serious and extensive. It stated that the sentence of 108 months was actually too light and that, but for the recommendation of the government in the plea agreement, it would have been higher. App. at 2745. There is no basis, on this record, to assert that the District Court would grant Erlikh a downward departure if he presented that question to the District Court for the second time. The District Court concluded that, based on the facts of the case, the sentence was already too lenient.

■ Finally, Erlikh challenges the District Court's imposition of $1,000,000 in restitution. This argument deserves little discussion. The record reveals that Erlikh, as a top figure at Kings, profited enormously from the elaborate daisy chain scheme, in an amount well in excess of the restitution amount. He wholly failed to account for the whereabouts of this huge sum of illegally obtained money. We deem the District Court's restitution order to be more than reasonable and did not constitute an abuse of discretion. See *United States v. Voigt*, 89 F.3d 1050, 1092–93 (3d Cir.1996); *United States v. Copple*, 74 F.3d 479, 484–86 (3d Cir.1996).

## III.

We have thoroughly reviewed all the arguments presented by Erlikh in his submissions to this Court, and those presented at oral arguments, and find no basis to disturb the sentence imposed by the District Court. The Judgment of Conviction entered on April 18, 2000 will be affirmed.